```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RICHARD BRITTON,                      :
                                      :
              Plaintiff,              :    CIVIL ACTION
                                      :
     v.                               :    No. 09-cv-1593
                                      :
WHITTMANHART, INC., and               :
JOHN WEINSTEIN, a/k/a                 :
"CHIP" WEINSTEIN,                     :
                                      :
              Defendants.             :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                          **June 25, 2009**

Presently before the Court are Plaintiff's Motion to Remand this action to the Philadelphia Court of Common Pleas (Doc. No. 6), and Defendant Weinstein and Defendant Whittmanhart's Response in Opposition thereto (Doc. No. 8). For the reasons that follow, the Court denies the Motion to Remand.

**BACKGROUND**

Plaintiff Richard Britton, a Pennsylvania citizen, filed a Complaint in the Court of Common Pleas of Philadelphia County on February 24, 2009, against Defendant Whittmanhart and Defendant John Weinstein. Defendant Whittmanhart, a Delaware corporation specializing in advertising, maintains a place of business in Philadelphia where Plaintiff worked as an employee. Defendant Weinstein, a Pennsylvania citizen, served as the General Manager

1

of Whittmanhart's Philadelphia office and President of Whittmanhart's Healthcare division.  Plaintiff worked as Whittmanhart's Business Development Manager within its Interactive Business Unit in Philadelphia, beginning on March 13, 2006, until his termination on April 11, 2008.

Plaintiff alleges that he was terminated by Defendant Whittmanhart without cause and in bad faith in an effort by Whittmanhart to reap the benefits of Plaintiff's procurement of new business without paying the Plaintiff's commissions, which allegedly amount to $150,000 of unpaid wages.  The Complaint asserts two counts: 1) a claim against Defendant Whittmanhart for breach of contract based on wrongful termination and 2) a claim against both Defendants Whittmanhart and Weinstein for unpaid wages pursuant to the Pennsylvania Wage and Payment Collection Law, 43 Pa. C.S. § 260.1, *et. seq.* ("WPCL").  The latter count against Defendant Weinstein posits that Weinstein, in his position as general manager of the Philadelphia branch and President of the Healthcare division, acted as a decision or policy maker and as such is an "employer" who may be found liable under the WPCL to the Plaintiff for unpaid wages.

The Defendants filed a Notice of Removal to this court on April 15, 2009, invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  The Defendants allege that Defendant Weinstein was fraudulently joined and that his citizenship must thus be

disregarded for purposes of diversity jurisdiction.  Plaintiff now moves to remand this action to the Philadelphia Court of Common Pleas, arguing that removal was improper because the Plaintiff asserts a "colorable claim" against Defendant Weinstein.  Plaintiff contends that since Weinstein is a non-diverse party, remand is appropriate given that the opposing parties are not completely diverse.

## **STANDARD**

The principles and procedures governing removal of actions from a state court to a federal forum are set forth in 28 U.S.C. § 1441, which states in pertinent part:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[1]

Thus, removal is proper only if the federal district court would have had original jurisdiction if the case were originally filed in federal court.  <u>Brown v. Francis</u>, 75 F.3d 860, 864 (3d

---

[1] This statute also provides that "except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a)(1).

Cir. 1996).  This jurisdictional prerequisite to removal is an absolute, non-waivable requirement in recognition of the fact that any action taken by a federal court in the absence of jurisdiction is necessarily void.  Id. (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3rd Cir. 1985); see also In Re Comcast Cellular Telecommunications Litigation, 949 F.Supp. 1193, 1199 (E.D. Pa. 1996).  The removal statute is to be strictly construed and all doubts resolved in favor of remand.  Id. at 110.  If there is any doubt as to the propriety of removal, that case should not be removed to federal court.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); see also Ferraro v. Bell Atlantic, Co., 955 F.Supp. 354, 356 (D.N.J. 1997).

    Remand is appropriate "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ."  28 U.S.C. § 1447.  On a motion to remand, the removing party, as the party urging the existence of jurisdiction, bears the burden of proving that jurisdiction exists.[2]  Sanderson, Thompson, Ratledge & Zimny v. AWACS, Inc., 958 F.Supp. 947, 952 (D. Del. 1997)(citing Boyer, 913 F.2d at

---

[2] Diversity jurisdiction is included in the definition of original jurisdiction as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ."  28 U.S.C. § 1332(a)(1).

111).

Thus, when a non-diverse party has been joined as a defendant, in the absence of a substantial federal question, the removing defendant may avoid remand by demonstrating that the non-diverse party was "fraudulently" joined.  Batoff v. State Farm Insurance Co., 977 F.2d 848, 851 (3d Cir. 1992).  If the non-diverse party is found to have been "fraudulently" joined, then that party may be dismissed and ignored for purposes of determining whether the case was properly removed to federal court.  Central Pennsylvania Teamsters Pension Fund v. Burten, 634 F.Supp. 128 (E.D. Pa. 1986).

In showing that the plaintiff fraudulently joined a non-diverse defendant to destroy diversity jurisdiction, the removing defendant carries a heavy burden of persuasion to demonstrate that the case belongs within the jurisdiction of the federal courts.  Batoff, 977 F.2d at 851.  Furthermore, the district court must assume as true all factual allegations of the complaint and resolve any uncertainties of substantive law in favor of the plaintiff.  Steel Valley Auth., 809 F.2d 1006, 1010 (3d Cir. 1987)(citing Abels, 770 F.2d at 29)(holding that all doubts should be resolved in favor of remand).

**I.     Defendants' Claim of Fraudulent Joinder**

Joinder is fraudulent "where there is [1] no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or [2] no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Id. (quoting Boyer, 913 F.2d at 111 and Abels, 770 F.2d at 32). However, if there is even a possibility that a state court would find that the Complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court. Id.

In determining the legitimacy of the claim in question, the court looks to the face of the plaintiff's complaint at the time the petition for removal was filed[3] and joinder will not be considered fraudulent unless the claims are deemed "wholly insubstantial and frivolous." Batoff, 977 F.2d at 851-852. To make this determination, the court considers: 1) whether the face of the complaint raises sufficient allegations concerning [the defendant's] identity and conduct to justify consideration of his citizenship; and 2) when looking beyond the face of the Complaint, whether there is indicia of fraudulent joinder. Abels, 770 F.2d at 29. "Reliable evidence that the defendant may

---

[3] Given that "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted," the jurisdictional inquiry is determined independently from a motion to dismiss. Batoff v. State Farm Insurance Co., 977 F.2d 848, 852 (3d Cir. 1992).

proffer to support the removal" may be considered in ascertaining whether joinder was manufactured to destroy diversity. Bernsten v. Balli Steel, No. 08-62, 2008 U.S. Dist. Lexis 25892 at *7, 2008 WL 862470 at *3 (E.D. Pa. March 31, 2008)(citing In re Briscoe, 448 F.3d at 220 (finding that the record from prior proceedings constitutes such reliable evidence)).

The court looks to the factual allegations within the Complaint to determine whether joinder of the non-diverse party was manufactured to defeat removal. Central Pennsylvania Teamsters Pension Fund v. Burten, 634 F.Supp. 128, 131 (E.D. Pa. 1986). Thus, to resolve the issue of fraudulent joinder, we must turn to the WPCL allegation in the Plaintiff's Complaint and determine whether the Complaint asserts a colorable claim against Mr. Weinstein. See In re Briscoe, 448 F.3d 201, 219 (3d Cir. 2006)(no colorable basis exists where the complaint fails to state a cause of action against the non-diverse defendant).

**A.     "Employer" under WPCL**

As the Plaintiff asserts a claim against Mr. Weinstein for unpaid wages pursuant to the WPCL, Plaintiff must have brought a colorable claim that Weinstein is an employer because only "employers" are liable under the statute. 43 Pa. C.S. § 260.9a. Under the WPCL, "employer" is defined as including "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer

7

of any of the above-mentioned classes employing any person in this Commonwealth."

This definition requires, at a minimum, some indication that the defendant employer exercised a policy-making function in the company or an active role in the corporation's decision making process to be liable as an employer under the WPCL.  Mohney v. McClure, 568 A.2d 682, 686, 390 Pa.Super. 338 (Pa.Super. 1990)(citing, *inter alia,* Bowers v. NETI Technologies, Inc., 690 F.Supp. 359. 355 (1988); Central Pennsylvania Teamsters Pension Fund, 634 F.Supp. at 131).  The evidence must show that the corporate officer "actively participated in decisions or gave advice regarding pay or compensation" rather than "merely carried out decisions made by others."  Mohney, 568 A.2d at 686, *aff'd* 604 A.2d 1021 (Pa. 1992); see also Central Pennsylvania Teamsters Pension Fund, 634 F.Supp. at 131; Hirsch, 910 A.2d at 91.  Absent evidence of an "active role," a corporate officer is not liable "merely by virtue of holding corporate office."  Mohney, 604 A.2d at 682; see Int'l Ass'n of Theatrical Stage Employees Local Unions No. 3 v. Mid-Atl. Promotions, Inc., 856 A.2d 102, 106 (Pa.Super. 2004).  Recently, a federal district court applying Pennsylvania law further found that the corporate officer must have played an active role in the specific decision or policy making which led to the alleged WPCL violation.  See White v.

Ciber, Inc., No. 07-1483, 2007 U.S. Dist. LEXIS 84292 at *8, 2007 WL 3491272 at *3 (M.D. Pa. Nov. 14, 2007).

The Complaint in this case alleges the following to support an inference of Mr. Weinstein's status as an "employer":

> "At all times relevant hereto, Defendant Weinstein served as the General Manager of Whittmanhart's Philadelphia office. Upon information and belief, Defendant Weinstein is currently the General Manager of Whittmanhart's Philadelphia office and President of Whittmanhart's Healthcare division. In these roles, Defendant Weinstein acted as a decision-maker and/or policy maker." (Compl. ¶ 4.)

The Complaint then makes the following allegations against Mr. Weinstein: "[p]ursuant to the engagement letter and Commission Agreement, Defendants were obligated to pay Britton" (Id. at ¶ 28); Mr. Weinstein was an "employer" under the WPCL (Id. at ¶ 32); and Defendants had no good faith reason to refuse to pay Britton his wages. (Id. at ¶34.)

The Plaintiff argues that as the Philadelphia Manager and President of the Healthcare division, Mr. Weinstein failed to pay Plaintiff's wages. Thus, Plaintiff contends in response to the instant Motion that Mr. Weinstein was a policy and/or decision maker because of his position as manager and president and failed to pay Plaintiff's wages. Plaintiff asserts, therefore, that a "colorable" claim against Mr. Weinstein has been made and the case should be remanded. (Pl. Brf. 6.) Defendant responds that Plaintiff fails to assert a colorable claim because the Complaint

does not allege that Mr. Weinstein took an "active role" in the policy or decision making and therefore does not meet the definition of an "employer" under the WPCL.  (Def. Brf. 5.)

Weinstein's title and position, without more, are insufficient to establish an inference that the defendant played an "active role" in policy or decision making in matters involving pay and compensation.  Belcufine, 112 F.3d 633, 639-640 (3d Cir. 1997)(relying on Mohney to find that liability was premised upon the ability of the defendant to stop the original non-payment of wages).  The Complaint does not identify any facts or allegations that Mr. Weinstein took an "active role."  Merely stating that Mr. Weinstein was a policy or decision maker based on the defendant's title as a manager without any supporting facts are insufficient to establish that Mr. Weinstein is an "employer" under the WPCL.  Mohney, 568 A.2d at 686.

The Plaintiff relies substantially on Tyler v. O'Neill, 994 F.Supp. 603 (E.D. Pa 1998), in arguing that Weinstein's title supports an inference that he was a policy or decision maker.  In Tyler, the plaintiff alleged that the defendant conspired to conceal the financial condition of the corporation to divert funds, including wages, to another officer of the corporation. The Complaint in Tyler was "silent as to the extent to which [defendant] served a policy-making function in the company," and

merely alleged that she acted as an "officer or agent of the company." The court "rea[d] these allegations in context with the other [factual averments that the defendant] was *aware* of and *conspired* with [the decision-maker] to *conceal* the company's financial condition from plaintiff so as to *facilitate*" the violation. Tyler, 994 F.Supp. at 616-617 (emphasis added). Thus, when considered as a whole and read in context, the court found that the Complaint provided "sufficient indicia that Mrs. O'Neill [was] a corporate decision maker" to withstand dismissal at the pleadings stage. Tyler, 994 F.Supp. at 617. Here, however, the Plaintiff fails to allege any evidence to support an inference that Weinstein is a decision or policy maker.

Additionally, Plaintiff's reliance on Waste Management, Inc., v. Arnoni, 2006 U.S. Dist. LEXIS 81463 at *16, 2006 WL 3231934, at *5-6 (W.D. Pa. Nov. 7, 2006), to support the argument that Mr. Weinstein is an "employer" because he is a "policy and/or decision maker" is misplaced. In Waste, the Complaint "allege[d] that [the defendants were] both policy-makers having authority to make payment decisions regarding employees." Id. at 15. The Waste court found that the "complaint raise[d] a *possibility* that the state court would find that it states a viable cause of action" which amounted to a "*colorable* WPCL claim against [the defendant]" because the allegation that the defendant had authority to make decisions regarding employees

11

raised a contested issue of fact.  Id. at *6 (emphasis in original). In contrast, the Complaint in this case does not allege that Weinstein played an active role (or had authority) in the decision not to pay the Plaintiff.  Additionally, evidence[4] has been submitted to support the assertion that Mr. Weinstein did not play an active role in the decision to withhold wages. Specifically, Defendant Weinstein testified that he "did not make, nor did [he] play any role in, the decisions to pay, or not to pay, Richard Britton commissions, bonuses or any other form of compensation or remuneration."  (Weinstein Decl. at 3:5, April 15, 2009.)  The Plaintiff, however, has not included any additional or rebuttal evidence addressing this affidavit.

    Given that the Complaint has not alleged that Mr. Weinstein played an "active role" in any policy or decision making for the corporation, much less in the decision to withhold wages to the Plaintiff, the Plaintiff failed to properly allege that Mr. Weinstein is an "employer" under WPCL.  See, e.g., Mohney, 568 A.2d at 686.  Because only employers are liable under WPCL, the claim does not allege a colorable cause of action in his Complaint against Mr. Weinstein.  As such, the claim against Mr. Weinstein must be dismissed and his citizenship ignored for

---

[4] A court can consider reliable evidence the defendant submits to support the propriety of removal for indicia of fraudulent joinder.  See In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006).

diversity purposes.  As the remaining parties are diverse,[5] removal from state court was proper.  28 U.S.C. § 1332. Plaintiff's Motion to Remand is, therefore, denied. An appropriate order follows.

---

[5] Plaintiff is a Pennsylvania citizen and Whittmanhart is a Delaware Corporation for purposes of subject matter jurisdiction.